IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MELISSA A. ROOK </br></br> Plaintiff, </br></br> vs. </br></br> L' ORÉAL USA, INC., </br></br> Defendant. | Case No.: 3:10-cv-00403-MJR-DGW </br></br> JURY TRIAL DEMANDED |

## COMPLAINT

Relator MELLISSA A. ROOK ("Relator"), by and through the undersigned attorneys, for his/her/its Complaint against Defendant L'Oreal USA, Inc. ("Defendant"), alleges as follows:

1.  This is a *qui tam* action for false patent marking under 35 U.S.C. § 292.

2.  As set forth in detail below, Defendant has violated 35 U.S.C. §292(a), by falsely marking articles with an expired patent for the purpose of deceiving its competitors and the public into believing that such articles are covered by the falsely marked patent.

### PARTIES, JURSIDICTION AND VENUE

3.  Relator is Mellissa A. Rook is a natural person and citizen and resident of the Southern District of Illinois.

4.  Defendant L'ORÉAL USA, Inc., is, upon information and belief, a corporation organized and existing under the laws of Delaware, having its principal place of business at 575 Fifth Avenue, New York, New York 10017.

5.  This Court has subject matter jurisdiction over this action under 28 U.S.C. §§1331 and 1338(a).

6.      Venue is proper in this District under 28 U.S.C. §§1391(c) and 1395(a), because Defendant has conducted and continues to conduct business in this District through the sale of its products which are the subject matter of this Complaint to consumers throughout this District. Upon information and belief, such sales are substantial, continuous, and systematic.

## THE EXPIRED PATENTS

7.      U.S. Patent No. 4,673,568 ("the '568 Patent"), entitled HAIR-CARE COMPOSITION AND HAIR TREATMENT PROCESS, was filed on December 31, 1984, and issued on June 16, 1987.  A true and correct copy of the '568 Patent is attached as Exhibit 1 to this Complaint.

8.      The '568 Patent expired no later than January 1, 2007.

9.      U.S. Patent No. 4,875,902 ("the '902 Patent"), entitled ALKYL DERIVATIVES OF HYDROQUINONE AS ANTIOXIDANTS IN OXIDATION DYEING COMPOSITIONS, was filed on October 16, 1987, and issued on October 24, 1989.[1]  A true and correct copy of the '568 Patent is attached as Exhibit 2 to this Complaint.

10.     The '902 Patent expired no later than October 25, 2006.

11.     U.S. Patent No. 5,114,429 ("the '429 Patent"), entitled ALIPHATIC ALPHA, OMEGA-DIAMINE COMPOUNDS AND THEIR USE IN HAIR DYEING, was filed on September 6, 1989, and issued on May 9, 1992.  A true and correct copy of the '429 Patent is attached as Exhibit 3 to this Complaint.

12.     The '429 Patent expired no later than September 7, 2009.

13.     U.S. Patent No. 5,137,538 ("the '538 Patent"), entitled OXIDATION DYE COMPOSITION CONTAINING AT LEAST ONE DOUBLE BASE IN COMBINATION WITH AT LEAST ONE SINGLE BASE AND DYEING PROCESS MAKING USE OF IT, was

---

[1] The '902 Patent has an earliest effective filing date of June 17, 1982.

filed on August 19, 1991, and issued on August 11, 1992.[2]  A true and correct copy of the '538 Patent is attached as Exhibit 4 to this Complaint.

14. The '538 Patent expired no later than September 9, 2009.

15. U.S. Patent No. 5,279,620 ("the '620 Patent"), entitled TINCTORIAL COMPOSITIONS FOR KERATIN FIBRES CONTAINING PRECURSORS OF OXIDATION COLORANTS AND INDOLE COUPLERS, AND DYING PROCESSES USING THESE COMPOSITIONS, was filed on April 20, 1992, and issued on January 18, 1994.  A true and correct copy of the '620 Patent is attached as Exhibit 5 to this Complaint.

16. The '620 Patent expired no later than July 24, 2008.

## GENERAL ALLEGATIONS

17. Defendants make, sell, or have made and have sold, a variety of products for sale to distributors, retailers, and the general consuming public.

18. Defendant is a sophisticated business entity with extensive experience in the procurement, acquisition, and litigation of patents in the United States.

19. Because of the nature of its business, Defendant actively seeks and maintains a number of patents.

20. Defendant claims to own, or have licenses under, a substantial number of patents and patent applications.

21. Upon information and belief, Defendant has an in-house legal department which is responsible for Defendant's intellectual property and ensuring compliance with marketing, labeling, and advertising laws.

22. As a sophisticated business entity, Defendant knows or reasonably should have known of the requirements and provisions of 35 U.S.C. §292.

---

[2] The '538 Patent has an earliest effective filing date of September 8, 1989.

23. Upon information and belief, Defendant has in the past marked or caused to be marked, and continues to mark or causes to be marked, articles with at least one expired patent.

### Count I – False Marking of the '568 Patent

24. Specifically, Defendant has in the past marked or caused to be marked, and continues to mark or causes to be marked, at least the following products with the '568 Patent:

    (a) L'ORÉAL® Excellence® Creme Superior Gray Coverage (Color: 4 AR). Representative images of the L'ORÉAL® Excellence® Creme Superior Gray Coverage are attached as Exhibit 6 to this Complaint.

25. The instance of false marking shown in Exhibit 6 is representative and not exhaustive.

26. Defendant knows or reasonably should have known that the purpose of marking a product with a patent number is to put competitors and the public at large on notice of exclusive and legally enforceable rights with respect to that product.

27. Upon information and belief, Defendant knew or reasonably should have known that the articles it marked and continues to mark with the '568 Patent are not covered by the expired patent marked on its product because an expired patent has no monopoly rights.

28. Defendant has marked and continues to mark its products with the '568 Patent for the purpose of deceiving the public into believing that its products are covered by the '568 Patent.

29. Defendant intentionally included the '568 Patent on its products in an attempt to prevent competitors from making and selling the same or similar or competing products.

30. Each false marking on Defendant's products is likely to, or at least has the potential to, discourage or deter persons and companies from making or selling similar or competing products.

31. By falsely marking its products with patents that have expired, Defendant has benefitted commercially and financially.

32. Thus, by marking and continuing to mark articles with the '568 Patent without a reasonable belief that such articles were covered the patent, Defendant has injured the sovereign interests of the United States as well as the public interest, and has discouraged competition and innovation in competing products.

### Count II – False Marking of the '902 Patent

33. Defendant has in the past marked or caused to be marked, and continues to mark or causes to be marked, at least the following products with the '902 Patent:

   (a) L'ORÉAL® Excellence® Creme Reds Extreme® permanent haircolor (Colors: R1 Extreme Copper Auburn; R3 Extreme Dark Copper Red). Representative images of the L'ORÉAL® Excellence® Creme Reds Extreme® permanent haircolor are attached as Exhibit 7 to this Complaint.

34. The instance of false marking shown in Exhibit 7 is representative and not exhaustive.

35. Defendant knows or reasonably should have known that the purpose of marking a product with a patent number is to put competitors and the public at large on notice of exclusive and legally enforceable rights with respect to that product.

36. Defendant knew or reasonably should have known that the articles it marked and continues to mark with the '902 Patent are not covered by the expired patent marked on its product because an expired patent has no monopoly rights.

37. Defendant has marked and continues to mark its products with the '902 Patent for the purpose of deceiving the public into believing that its products are covered by the '902 Patent.

38. Defendant intentionally included the '902 Patent on its products in an attempt to prevent competitors from making and selling the same or similar or competing products.

39. Each false marking on Defendant's products is likely to, or at least has the potential to, discourage or deter persons and companies from making or selling similar or competing products.

40. By falsely marking its products with patents that have expired, Defendant has benefitted commercially and financially.

41. Thus, by marking and continuing to mark articles with the '902 Patent without a reasonable belief that such articles were covered by the patent, Defendant has injured the sovereign interests of the United States as well as the public interest, and has discouraged competition and innovation in competing products.

### Count III – False Marking of the '429 Patent

42. Defendant has in the past marked or caused to be marked, and continues to mark or causes to be marked, at least the following products with the '429 Patent:

    (a) L'ORÉAL® Superior Preference® Fade-Defying Color & Shine System (Colors: 4; 4 A; 5; 5 A; 6; 6 A; 7; 7 A; 7 ½ A; 8; 9 ½ A; 9 ½ NB; 10 NB; UL 63. Representative images of the L'ORÉAL® Superior Preference®

>Fade-Defying Color & Shine System are attached as Exhibit 8 to this Complaint.

43. The instance of false marking shown in Exhibit 8 is representative and not exhaustive.

44. Defendant knows or reasonably should have known that the purpose of marking a product with a patent number is to put competitors and the public at large on notice of exclusive and legally enforceable rights with respect to that product.

45. Defendant knew or reasonably should have known that the articles it marked and continues to mark with the '429 Patent are not covered by the expired patent marked on its product because an expired patent has no monopoly rights.

46. Defendant has marked and continues to mark its products with the '429 Patent for the purpose of deceiving the public into believing that its products are covered by the '429 Patent.

47. Defendant intentionally included the '429 Patent on its products in an attempt to prevent competitors from making and selling the same or similar or competing products.

48. Each false marking on Defendant's products is likely to, or at least has the potential to, discourage or deter persons and companies from making or selling similar or competing products.

49. By falsely marking its products with patents that have expired, Defendant has benefitted commercially and financially.

50. Thus, by marking and continuing to mark articles with the '429 Patent without a reasonable belief that such articles were covered the patent, Defendant has injured the sovereign

interests of the United States as well as the public interest, and has discouraged competition and innovation in competing products.

### Count IV – False Marking of the '538 Patent

51. Defendant has in the past marked or caused to be marked, and continues to mark or causes to be marked, at least the following products with the '538 Patent:

    (a) L'ORÉAL® Excellence® Creme Superior Gray Coverage (Colors 7; 7 ½ A). Representative images of the L'ORÉAL® Excellence® Creme Superior Gray Coverage are attached as Exhibit 9 to this Complaint.

52. The instance of false marking shown in Exhibit 9 is representative and not exhaustive.

53. Defendant knows or reasonably should have known that the purpose of marking a product with a patent number is to put competitors and the public at large on notice of exclusive and legally enforceable rights with respect to that product.

54. Upon information and belief, Defendant knew or reasonably should have known that the articles it marked and continues to mark with the '538 Patent are not covered by the expired patent marked on its product because an expired patent has no monopoly rights.

55. Defendant has marked and continues to mark its products with the '538 Patent for the purpose of deceiving the public into believing that its products are covered by the '538 Patent.

56. Defendant intentionally included the '538 Patent on its products in an attempt to prevent competitors from making and selling the same or similar or competing products.

57. Each false marking on Defendant's products is likely to, or at least has the potential to, discourage or deter persons and companies from making or selling similar or competing products.

58. By falsely marking its products with patents that have expired, Defendant has benefitted commercially and financially.

59. Thus, by marking and continuing to mark articles with the '538 Patent without a reasonable belief that such articles were covered the patent, Defendant has injured the sovereign interests of the United States as well as the public interest, and has discouraged competition and innovation in competing products.

### Count V – False Marking of the '620 Patent

60. Defendant has in the past marked or caused to be marked, and continues to mark or causes to be marked, at least the following products with the '620 Patent:

   (a) L'ORÉAL® Technique Excellence® Permanent Haircolor Liquid-Gel Formula (Colors: 6.6 Light Auburn; 9.1 Light Ash Blonde; 10E Baby Beige). Representative images of the L'ORÉAL® Technique Excellence® Permanent Haircolor Liquid-Gel Formula are attached as Exhibit 10 to this Complaint.

61. The instance of false marking shown in Exhibit 10 is representative and not exhaustive.

62. Defendant knows or reasonably should have known that the purpose of marking a product with a patent number is to put competitors and the public at large on notice of exclusive and legally enforceable rights with respect to that product.

63. Upon information and belief, Defendant knew or reasonably should have known that the articles it marked and continues to mark with the '620 Patent are not covered by the expired patent marked on its product because an expired patent has no monopoly rights.

64. Defendant has marked and continues to mark its products with the '620 Patent for the purpose of deceiving the public into believing that its products are covered by the '620 Patent.

65. Defendant intentionally included the '620 Patent on its products in an attempt to prevent competitors from making and selling the same or similar or competing products.

66. Each false marking on Defendant's products is likely to, or at least has the potential to, discourage or deter persons and companies from making or selling similar or competing products.

67. By falsely marking its products with patents that have expired, Defendant has benefitted commercially and financially.

68. Thus, by marking and continuing to mark articles with the '620 Patent without a reasonable belief that such articles were covered the patent, Defendant has injured the sovereign interests of the United States as well as the public interest, and has discouraged competition and innovation in competing products.

WHEREFORE, Relator prays that this Court enter judgment in their favor and against Defendant as follows:

A. Entering an injunction prohibiting Defendant, and its officers, directors, agents, servants, employees, attorneys, licensees, successors, and assigns, and those in active concert or participation with any of them, from further violating 35 U.S.C. § 292.

B. Order Defendant to pay a civil monetary fine of $500 per false marking offense, or an alternative amount as determined by the Court, one-half of which shall be paid to the United States;

C. Order Defendant to provide an accounting for any falsely marked products not presented at trial and a monetary award set by the Court for such falsely marked articles;

D. Order Defendant to pay all costs of this action, including attorneys' fees and all available interest; and

E. Grant Relator any such other and further relief as the Court may deem just and equitable.

Dated: May 28, 2010        **KOREIN TILLERY**

/s Aaron M. Zigler
Stephen A. Katz
Aaron M. Zigler
One U.S. Bank Plaza
505 N. 7th Street, Suite 3600
St. Louis, Missouri  63101-1625
Telephone:    (314) 241-4844
Facsimile:     (314) 450-4138
skatz@koreintillery.com
azigler@koreintillery.com

George A. Zelcs
John A. Libra
205 N. Michigan Avenue - Suite 1950
Chicago, Illinois  60601-4269
Telephone:    (312) 641-9760
Facsimile:     (312) 641-9751
gzelcs@koreintillery.com
jlibra@koreintillery.com

***Attorneys for Plaintiff***